### PEART v. STEWART et al.
### No. 4825.

Court of Appeal of Louisiana.
Second Circuit.
June 4, 1934.

H. W. Hill, of Alexandria, for appellant.

J. M. Shevnin, of Alexandria, for appellee.

DREW, Judge.

G. D. Peart, under the provisions of Act No. 123 of 1922, deposited in the registry of the court the sum of $143, the amount he owed to the appellant and appellee herein for rent of 22 acres of land. This was done because of a dispute between the two as to what part each should receive. Appellee and appellant are sisters and it is indeed unfortunate that they saw fit to litigate over so small a sum.

F. A. and James I. Hudson died leaving a large estate, consisting of several thousand acres of land in Rapides parish. For several years the succession remained intact without any partition among the sisters, the litigants herein being two of them. The land was rented out to different tenants and the funds derived from same divided among the heirs. For some reason, in the year 1931, there was an oral agreement among the heirs that each heir should collect as his or her own the rents from different particular tracts, and to carry out that agreement, a partial survey was made to locate the particular tracts each was to have charge of. Out of one piece of land the two litigants here were given adjoining tracts on which there was a house near their dividing line. The survey was never completed to show exactly on which of these tracts the house was located, but it was clearly understood by them both that the house was on the land from which appellee was to collect the rents. Mr. Peart had been renting a part of this land, consisting of 22 acres, from the succession for several years. The 22 acres consisted of 20 acres orally assigned to appellant and 2 acres orally assigned to appellee. Both parties thought the house was on the 2 acres; however, when the lines were finally run for legal partition in 1932, the house went with the 20 acres to appellant. In 1931, without any special rent agreement, Mr. Peart continued to work the 22 acres and live in the house, as he had the year before.

The controversy here is that appellee claims out of the rent deposited by Mr. Peart $5 per month, or $60, for rent of the house, and her pro rata part of the balance for the 2 acres which were assigned in oral agreement to her. Appellant claims the land rented for $6.50 per acre and no special rent for the house, and therefore she is entitled to 20/22 of the entire amount.

The lower court allowed appellee the $60 rent for the house out of the entire rent deposited and prorated the balance in the proportion of 2 acres for appellee and 20 acres for appellant.

There is no legal question raised here, and

appellee has asked that we decide this case in equity, which we shall attempt to do.

The true facts are that the rent for 1931 belonged to neither of the litigants, but to the succession, which had not been closed and there was no legal provisional partition. However, the succession has since been closed and the estate partitioned among the heirs, and we propose to dispose of this remaining small matter now, as none of the other heirs claims any interest in the funds in the hands of the court.

The fact that the house, over which this controversy rages, was finally deeded in the partition to appellant, we think, is strongly in her favor. When Peart originally rented the 22 acres from the succession, he rented it for $6.50 per acre and there was no special rent for the house. He remained on the land during the year 1931, under the same contract. As in all lease transactions of farm lands, the rent is based upon a certain price per acre and the house necessarily goes with it. It is difficult to lease farm land without furnishing a house for the lessee to live in, and, as is shown in this case, it is not uncommon for the lessee of one tract of land to live in a house or cabin located on a tract of land assigned to another heir, without thought of charging rent for the house, and we are sure it was never the intention of any of the heirs, nor of Mr. Peart, that he should pay separate rent for the house on this 22 acres. The equities, we think, are entirely with appellant, and she should receive out of the funds deposited in the registry of the court, after costs of court are paid, 20/22 of the remaining amount and appellee should receive 2/22, and it is so ordered, adjudged and decreed. The judgment of the lower court is set aside.